IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VOLKSWAGEN AG, *et al.*,            )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )      Civil Action No. 1:17cv1413 (TSE/JFA)
                                    )
UNINCORPORATED ASSOCIATIONS,        )
*et al.*,                           )
                                    )
            Defendants.             )
_____)

JUL 1 3 2018

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 64). In this action, plaintiffs Volkswagen

AG, Audi AG, and Volkswagen Group of America (collectively "plaintiffs") seek entry of

default judgment against the remaining defendants in this litigation. Pursuant to 28 U.S.C. §

636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of

fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On December 11, 2017, plaintiffs filed a complaint against several individuals and

business entities located in China alleging trademark infringement and counterfeiting (Count I),

false designation of origin (Count II), and trademark dilution (Count III). (Docket no. 1). On

December 13, 2017, plaintiffs filed a motion for a temporary restraining order freezing the assets

of the defendants listed in the complaint and for expedited discovery to obtain additional

information concerning those defendants' actual names and addresses (Docket no. 9), which the

court granted on January 5, 2018 (Docket no. 18). On February 21, 2018, plaintiffs filed an

amended complaint against named defendants, alleging trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and trademark dilution (Count III).  (Docket no. 24).  On that same day, plaintiffs filed a motion for service by publication (Docket no. 25), which was denied without prejudice by the court on March 16, 2018 (Docket no. 42).  On May 3, 2018, after making additional efforts to serve the named defendants, plaintiffs filed a second motion for service by publication (Docket no. 44), which was partially granted on May 11, 2018 (Docket no. 54).  On May 8, 2018, plaintiffs moved for a preliminary injunction to freeze the assets of the named defendants (Docket no. 48), which was granted on June 8, 2018 (Docket no. 59).  On May 21, 2018, plaintiffs filed a declaration indicating that they had served the named defendants by email, as directed by the court.  (Docket no. 58).  On June 25, 2018, plaintiffs filed a notice of voluntary dismissal as to some of the named defendants. (Docket no. 63).

On June 12, 2018, plaintiffs filed a request for entry of default as to the remaining defendants (Docket no. 60), which the Clerk of Court entered on June 14, 2018 (Docket no. 61). On June 20, 2018, the court directed plaintiffs to file a motion for default judgment (Docket no. 62), which plaintiffs filed on June 25, 2018 (Docket no. 64) and noticed for a hearing at 10:00 a.m. on July 13, 2018 (Docket no. 66).  At the hearing on July 13, 2018, counsel for the plaintiffs appeared, but no one appeared on behalf of the remaining defendants.

### Factual Background

The following facts are established by the amended complaint (Docket no. 24) ("Am. Compl.") and the memorandum in support of plaintiffs' motion for default judgment (Docket no. 65).  Plaintiffs Audi AG ("Audi") and Volkswagen AG ("Volkswagen") are both world-famous automobile manufacturers that sell branded automobiles, genuine parts, and accessories

2

("Volkswagen and Audi Products") through a network of licensed Volkswagen and Audi dealerships throughout the United States. (Am. Compl. ¶ 11). Under agreement with Audi and Volkswagen, Volkswagen Group of America, Inc. enforces Audi's and Volkswagen's trademarks in the United States. (Am. Compl. ¶ 10).

The distinctive trademarks of Volkswagen and Audi symbolize each brand's marketability, reputation, and goodwill, and both Volkswagen and Audi were recently ranked as the 38th and 40th most recognizable global brands respectively by the global consulting firm Interbrand. (Am. Compl. ¶ 11). Volkswagen and Audi incorporate a variety of distinctive trademarks in the designs of their vehicles, vehicle parts, and vehicle accessories, and both own numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, collectively referred to as the "VW Trademarks" and "Audi Trademarks." (Am. Compl. ¶¶ 12, 18). The VW and Audi Trademarks have been used exclusively and continuously by both companies for decades and have never been abandoned. (Am. Compl. ¶¶ 13, 19). Every Volkswagen or Audi vehicle features VW and Audi Trademarks, including the distinctive VW and Audi center wheel caps. (Am. Compl. ¶¶ 14–15, 20–21). Both companies have spent hundreds of millions of dollars advertising, promoting, and developing their trademarks and trade dress, and as a result the consuming public exclusively associates the VW and Audi Trademarks with Volkswagen and Audi. (Am. Compl. ¶¶ 16, 22).

The remaining defendants, listed below, are individuals and business entities who conduct business throughout the United States, including in this District, through the operation of Internet marketplaces (*e.g.*, eBay). (Am. Compl. ¶ 25). Each remaining defendant has offered to sell, has sold, and continues to sell, counterfeit VW and Audi center wheel caps to consumers

within the United States.  (Am. Compl. ¶ 25).  The remaining defendants operate under various

pseudonyms and usernames:

| Defendant eBay Internet Store | Defendant PayPal Name | Defendant PayPal Email |
|---|---|---|
| hongyundangtou69 | Shaohuan Ma | mashaohuan5858@126.com |
| jinyumantang5858<br>goodagain20179 | Songcao Guo | songcao525@163.com<br>qianggang8567@sina.com |
| huamanlou25_0 | Xiaoquan Ma | maping4859@126.com |
| sfd67kj_3 | 远 陈 | fzo9025834@yeah.net |
| jessicahh148<br>nancylady | 建安 龙 | 3296849110@qq.com |
| caifuyongcun2017 | Guiqing Ning | ningningyymm@163.com |
| vg78cg_0 | 长梅 穆 | vg78cg@163.com |
| autopartworld2015<br>taotaostore<br>christystore2013 | Sui Sheng Lin | ouyangvincent@hotmail.com |
| hongliyongcun168<br>dashizhipusa | Dongjie Liu | liudongjie25852@163.com<br>liudongjie888@hotmail.com |
| caishenjaido | Zhixiang Xiao | xiaozhixiangx@hotmail.com<br>xiaozhixiang2369@sina.com |
| hyx2015 | 四女 陈 | hyx514342868@hotmail.com |
| shunshunpifa669 | Bing Wu | biingbing852@sina.com |
| zengzhoushide1 | Zengqiang Xie | zengzhoushid@126.com |
| vivian_auto | 海威 余 | yjcool008@sina.com<br>yjcool0086@163.com |
| nanwuguanshiyinpusa78 | Rong Xie | xierong8888@outlook.com |
| caiyuangungun9969 | Junlan Li | junlan9638@sina.com |
| caishendaowojia1818<br>hongyundangtouzhao958<br>chongqingjiujiang3<br>dalifujin9 | Xizhi Xie | zhizhi852471@163.com<br>zhixi9632@sina.com<br>xiexizhi8963@sina.com<br>xizhi85859632@sina.com<br>xizhi9874@163.com<br>xizhi88587@sina.com<br>xizhi88660@sina.com |
| nanwuzhuntipusa5151 | Xinghe Lian | lianxihe789@sina.com<br>lianhexinglian@126.com |
| fcxg56d1 | 彩侠 齐 | fcxg56d@sina.com |
| wangbeauty369 | 勇强王 | beauty369@yahoo.com<br>beauty369@aliyun.com<br>beauty369@yahoo.cn |

4

| fanchengqusd7 | Bing Zhang | zhangbingzb218@126.com |
|---|---|---|
| qingyuanhenghe_2 | Huarong Xie | xiehuarong856@163.com |
| yongchangshanghang8690 | Weiguo Zang | zangweiguo8973@163.com<br>zangweiguo8858@sina.com |
| nanwuzhuntipusa6688<br>nanwuzhuntipusa1199 | Haikuo Li | lihaikuo999@hotmail.com<br>lihaikuo5231@sina.com<br>lihaikuo9870@sina.com |
| guanshiyinpusa9898<br>nanwuguanshiyinpusa9898 | Sufen Tang | tangsufen5858@sina.com<br>sufen5236@163.com |
| poem.sms | 梦诗 邵 | cixisms@126.com |
| yehl8048 | 瑜 杨 | 549318970@qq.com |
| fydimn_6 | 光熙 黄 | fangqisuanle@sina.com |

(Docket no. 65 at 6–8).[1]  The remaining defendants operate these Internet businesses for profit using online-only sales tactics to ship counterfeit Volkswagen and Audi products to the United States, including to consumers in this District.  (Docket no. 65 at 9).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages,

---

[1] Plaintiffs have voluntarily dismissed the amended complaint against several of the defendants named in the amended complaint. (*See* Docket nos. 28, 29, 63).  Accordingly, the defendants listed in the above table and in the instant motion for default judgment are the remaining defendants subject to the amended complaint.

establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Joinder

A plaintiff may seek joinder of multiple defendants in one action when a plaintiff seeks relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and when "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Fourth Circuit has held that Rule 20 should be construed in light of its purpose: "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). While "absolute identity of events is unnecessary," the transaction or occurrence test of the rule permits only "reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.* Whether joinder of defendants is proper under Rule 20 is a case-by-case determination committed to the sound discretion of the trial court. *Id.* The Supreme Court has discussed the meaning of "transaction" in the analogous context of counterclaims under Federal Rule of Civil Procedure 13(a) in finding that "transaction" is "a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926). The Eighth Circuit drew on the Supreme Court's interpretation of Rule 13(a) in stating that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley*, 497 F.2d at 1333.

In this case, plaintiffs allege that defendants engaged in a series of transactions with a connection or nucleus of common operative facts and have common questions of law. First, the remaining defendants are located in China and operate nearly identical eBay stores that offer for sale and sell counterfeit Volkswagen and Audi products obtained from the same suppliers at nearly identical prices advertised in a nearly identical manner. (Docket no. 65 at 12). Second, the amended complaint alleges the same cause of action arising from the Lanham Act against all remaining defendants, thereby requiring the same legal analysis. (Am. Compl. ¶¶ 85–106). Accordingly, given that the allegations in the amended complaint that "[d]efendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the [p]laintiffs' [t]rademarks in the same transaction, occurrence, or series of transactions or occurrences" (Am. Compl. ¶ 73) are uncontested by the remaining defendants, the undersigned recommends a finding that joinder is appropriate as to the remaining defendants.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs bring this cause of action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*), and allege that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (civil action arising under any Act of Congress relating to trademarks), and 1121 (actions concerning a mark registered in the U.S. Patent and Trademark Office). (Am. Compl. ¶¶ 2, 85–106).

Plaintiffs allege that this court has personal jurisdiction over defendants because of their substantial contacts with this District as well as directly targeting this District by selling and offering for sale counterfeit goods to residents of this District. (Am. Compl. ¶¶ 4, 74–84). In the

7

Fourth Circuit, a defendant transacts business such that the court can exercise personal jurisdiction when the defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). This court has personal jurisdiction over the remaining defendants because they utilized Internet stores through which residents of this District could purchase products which could then be shipped to this District.  (Am. Compl. ¶¶ 4–5); *see Thousand Oaks Barrel Co., LLC v. Deep South Barrels LLC*, 241 F. Supp. 3d 708, 716 (E.D. Va. 2017) (Ellis, J.).  Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the events giving rise to the claims occurred in this District.  (Am. Compl. ¶ 5).  Given the uncontested allegations that the remaining defendants directed Internet sales to residents in this District and a substantial part of the events giving rise to plaintiffs' claims occurred in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the remaining defendants, and that venue is proper in this court.

### Service

Federal Rule of Civil Procedure 4(f) authorizes service on an individual in a foreign country by three means:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . . or
>
> (3) by other means not prohibited by international agreement, as the court orders.

8

Fed. R. Civ. P. 4(f). Rule 4(f) "does not denote any hierarchy or preference of one method of service over another." *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). In order to fulfill the due process requirements under Rule 4(f)(3), a court must approve a method of service that is "reasonably calculated to give notice to defendant." *Id.*

On May 3, 2018, plaintiffs moved for service by publication on the remaining defendants. (Docket no. 44). In their memorandum in support, plaintiffs established that the remaining defendants are foreign individuals located in China and sought a court order authorizing service by email due to the persistent difficulty in determining accurate physical locations for the remaining defendants. (Docket no. 45 at 1–4). On May 11, 2018, the court partially granted plaintiffs' motion for service by publication and issued an order permitting plaintiffs to serve the remaining defendants by email with individualized summonses, a copy of the court's order authorizing alternative service, and a copy of the amended complaint. (Docket no. 54). On May 21, 2018, plaintiffs filed a declaration affirming that they served the remaining defendants by email with the required documents. (Docket no. 58). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), the remaining defendants were required to file a responsive pleading by June 11, 2018; twenty-one (21) days after plaintiffs served defendants by email as instructed by the court. (Docket no. 58). No responsive pleading has been filed by the remaining defendants and the time for doing so has since expired. On June 12, 2018, plaintiffs filed a request for entry of default against the remaining defendants. (Docket

no. 60). Service of plaintiffs' request for entry of default was accomplished by email. (Docket no. 60-2). Thereafter, the Clerk of Court entered a default against the remaining defendants on June 14, 2018. (Docket no. 61). Accordingly, the undersigned magistrate judge recommends a finding that the remaining defendants were properly served, that they failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the remaining defendants.

**Liability**

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendants are in default, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

**Trademark Infringement and Counterfeiting (Count I) and False Designation of Origin (Count II)**

Plaintiffs have established defendants' liability for trademark infringement and counterfeiting (Count I) and false designation of origin (Count II). A party is liable for trademark infringement and counterfeiting when that party, without the consent of the trademark registrant, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(a). Similarly, a party is liable for false designation of origin when that party's use of a trademark is "likely to cause confusion, or to cause mistake, or to deceive as to affiliation connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

10

In order to prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must establish that: (1) it owns a valid mark; (2) the defendant used the mark "in commerce" and without plaintiff's authorization; (3) the defendant used the mark (or an imitation of it) "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (4) the defendant's use of the mark is likely to confuse consumers. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012); *see Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

First, plaintiffs' registered trademarks are valid trademarks.  As alleged in the amended complaint, plaintiffs have federally registered several trademarks associated with Volkswagen and Audi with the U.S. Patent and Trademark Office. (Am. Compl. ¶¶ 12, 18).  Registration of a trademark with the U.S. Patent and Trademark Office serves as conclusive or *prima facie* evidence of the validity of the marks. *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984).  The *prima facie* evidence of validity is unrebutted, as the remaining defendants are in default.  Therefore, the VW and Audi Trademarks are valid trademarks.  Second, plaintiffs have established that the remaining defendants used the VW and Audi Trademarks in commerce without plaintiffs' authorization. (Am. Compl. ¶ 83).  Third, plaintiffs have established that defendants used the VW and Audi Trademarks "in connection with the sale, offering for sale, distribution, or advertising" of goods by offering for sale and selling counterfeit Volkswagen and Audi products. (Am. Compl. ¶¶ 74–84).

Fourth, plaintiffs have established that defendants' use of the VW and Audi Trademarks is likely to confuse consumers.  In assessing the likelihood of confusion in a trademark infringement case, the Fourth Circuit has identified nine factors that should be considered:  (1)

11

the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' marks; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) defendant's intent; (7) actual confusion; (8) the quality of defendant's product; and (9) the sophistication of the consuming public. *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp*, 747 F.2d at 1527 (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine)).  Not all of these factors will be relevant in every trademark dispute and there is no need for each factor to support plaintiff's position on the likelihood of confusion issue; however, evidence of actual confusion is particularly important in analyzing the likelihood of confusion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 937 (4th Cir. 1995); *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 320 (4th Cir. 1992).

   First, the VW and Audi Trademarks are distinctive and famous because plaintiffs have spent hundreds of millions of dollars advertising, promoting, and developing its trademarks and trade dress such that the VW and Audi Trademarks are world famous and associated by the consuming public exclusively with Volkswagen and Audi.  (Am. Compl. ¶¶ 16, 22).  Second, defendants' counterfeit products include exact replicas of plaintiffs' trademarks and other indicators, such as the "Made in Germany" marking, which are intended to confuse consumers. (Am. Compl. ¶¶ 77–78).  Third, defendants' counterfeit products are intended as replacement parts in place of genuine Volkswagen and Audi Products, and are purchased by consumers for the similar purpose of replacing damaged or lost parts on their vehicles. (Am. Compl. ¶¶ 77–78). With respect to the fourth and fifth factors, defendants' Internet stores are designed to appear to be authorized online retailers, outlet stores, or wholesalers, and the product listings include titles

and descriptions that would trigger their listings when consumers search for Volkswagen and Audi Products. (Am. Compl. ¶¶ 78–79). Accordingly, the undersigned recommends a finding that plaintiffs have established a likelihood of confusion, entitling them to relief under the Lanham Act.

**Trademark Dilution (Count III)**

Plaintiffs have also established defendants' liability for trademark dilution (Count III). A party is liable for trademark dilution when, "at any time after the owner's mark has become famous, [it] commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1). "Dilution by tarnishment" is defined as "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C). The Supreme Court has held that a plaintiff is required to make a "showing of actual dilution, rather than a likelihood of dilution." *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 433 (2003). Where the marks in question are identical, there is "circumstantial evidence" of actual dilution. *Id.* at 434.

In this case, defendants' counterfeit goods appear identical to Volkswagen's and Audi's products, but are nothing more than cheap, low quality imitations. (Am. Compl. ¶ 77). As pled, plaintiffs have established circumstantial evidence of actual dilution, and that evidence is unrebutted, as the remaining defendants are in default. Moreover, as discussed in detail above, defendants' Internet stores are designed to appear to be authorized online retailers, outlet stores, or wholesalers, and the product listings include titles and descriptions that would trigger their listings when consumers search for Volkswagen and Audi Products. (Am. Compl. ¶¶ 78–79).

13

Accordingly, the undersigned recommends a finding that plaintiffs have established the remaining defendants' liability for trademark dilution.

## Relief

Plaintiffs seek permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), statutory damages pursuant to 15 U.S.C. § 1117(c)(2), and post-judgment interest.

**Permanent Injunction**

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). In order for the court to provide injunctive relief, a plaintiff must demonstrate irreparable harm, the inadequacy of a legal remedy (monetary damages), a weight in its favor when balancing hardships, and that the public would not be disserved by making the injunction permanent. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

First, plaintiffs have established irreparable injury. The Fourth Circuit has found that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse*, 43 F.3d at 939. As alleged in the amended complaint, plaintiffs are suffering irreparable harm as a result of the remaining defendants' use of the VW and Audi Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit Volkswagen and Audi products, which has caused confusion, mistake, and deception among consumers. (Am. Compl. ¶¶ 74–84). Second, defendants' use of plaintiffs' trademarks will continue to cause irreparable harm by diluting plaintiffs' trademarks, and there is no other adequate remedy at law that will compensate for that continued harm. (Am. Compl. ¶¶ 97–106). Third, the balance of harms favors plaintiffs, since Volkswagen has used its marks continuously for over 50 years, Audi has

14

used its marks for decades, and defendants have used the marks for a significantly shorter period of time. (Am. Compl. ¶¶ 13, 19). Finally, the public interest is served in avoiding consumer confusion. *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008) (citing *Bowe Bell & Howell Co. v. Harris*, 145 F. App'x. 401, 404 (4th Cir. 2005); *JTH Tax, Inc. v. Lee*, 514 F. Supp. 2d 818, 826 (E.D. Va. 2007)).

Based on the foregoing, the undersigned magistrate judge recommends an order permanently enjoining the remaining defendants against making, using, selling, or offering for sale any products that infringe the VW and Audi Trademarks.

**Statutory Damages**

The Lanham Act provides that a plaintiff may elect, at any time before final judgment is rendered, "to recover an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of good or services in the amount of—if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). A "counterfeit mark" is defined as "a mark that is registered on the principal register . . . and that is in use." 15 U.S.C. § 1116(d)(1)(B)(i). The Fourth Circuit has found that the 15 U.S.C. § 1117 "confers a great deal of discretion on a district court in fashioning a remedy for Lanham Act violations." *Larsen v. Terk Technologies Corp.*, 151 F.3d 140, 149–50 (4th Cir. 1998). As other district courts have noted, "[t]hese damages are intended to deter wrongful conduct, and may be particularly appropriate in cases of default judgment because of non-disclosure by the infringer." *Cabinet Discounters, Inc. v. Serkisian*, 2017 WL 2930461, at *1 (D. Md. July 10, 2017) (citing several cases).

15

Plaintiffs request the maximum statutory award of $2,000,000.00 per mark infringed—the VW Trademarks and the Audi Trademarks—for a total of $4,000,000.00.  As alleged in the amended complaint, every remaining defendant offered to sell, sold, and continues to sell, counterfeit products bearing both the VW and Audi Trademarks.  (Am. Compl. ¶¶ 25–73).  In addition, the remaining defendants' actions of counterfeiting the VW and Audi Trademarks are willful and calculated.  For example, the remaining defendants have taken actions to conceal their identities by using multiple fictitious names, business names, and addresses to register and operate their network of Internet stores.  (Am. Compl. ¶ 80).  Defendants also perpetuate an illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers associate with authorized retailers in an attempt to deceive unknowing consumers into believing that they are purchasing genuine Volkswagen and Audi Products.  (Am. Compl. ¶¶ 78–79).

However, the record does not provide an accurate estimate of the scope of the remaining defendants' infringing conduct.  Plaintiffs represent in their motion for default judgment that the defendants "are selling these products by the thousands on Internet marketplaces, such as eBay," but they did not make this allegation in the amended complaint and failed to provide evidence in support of this statement.  (Docket no. 65 at 12).  While the undersigned recognizes the severity of the remaining defendants' willful misconduct and the need for an adequate deterrent against future misconduct, the record does not support an award of the maximum amount in statutory damages.  Accordingly, in order to properly combat trademark infringement and deter other individuals or corporations from infringing plaintiffs' trademarks, the undersigned magistrate judge recommends entry of a judgment in the amount of $1,000,000.00 per mark infringed for a total of $2,000,000.00 in favor of plaintiffs and against the remaining defendants jointly and

16

severally for statutory damages pursuant to 17 U.S.C. § 1117(c)(2) for infringement of the VW and Audi Trademarks.

**Post-Judgment Interest**

In their motion for default judgment, plaintiffs request post-judgment interest and briefly note that they failed to include a request for interest in the amended complaint. (Docket no. 64 at 3 n.2). Despite their failure to include a request for interest in the amended complaint, "federal law mandates the awarding of post-judgment interest" on any money judgment obtained in a civil case. *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing 28 U.S.C. § 1961). Accordingly, the undersigned magistrate judge recommends that post-judgment interest subsequent to the date of judgment should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Satisfaction of Judgment**

Plaintiffs also seek a court order transferring the assets held in the remaining defendants' PayPal accounts in order to partially satisfy the monetary judgment. On June 8, 2018, the court granted plaintiffs' motion for preliminary injunction, instituting a freeze on all PayPal accounts associated with the defendants identified in the amended complaint. (Docket no. 59). Now that plaintiffs are seeking a dispositive judgment in their favor, they seek to transfer the assets from those frozen PayPal accounts in order to partially satisfy a monetary judgment, given that it is unlikely that they could enforce a U.S. court's judgment in the Chinese courts, and even less likely that they could locate the remaining defendants or any assets they may hold. (Docket no. 65 at 19–20). Other courts have granted this form of relief to satisfy monetary judgments in similar counterfeiting cases. *See, e.g., Am. Bridal & Prom Indus. Ass'n, Inc. v. Jollyprom.com*, 2018 WL 1226106, at *5 (D.N.J. Mar. 9, 2018); *Luxottica Grp. S.p.A. v. Zhou Zhi Wei*, 2017 WL

17

6994587, at *3 (N.D. Ill. Sept. 12, 2017); *Abercrombie & Fitch Trading Co. v. a4bag.com*, 2012 WL 12552676, at *3 (S.D. Fla. Nov. 19, 2012).  Given that plaintiffs are unlikely to enforce and collect the entirety of the statutory damages sought, the undersigned recommends that the court order PayPal, Inc. to transfer any monies currently restrained in the remaining defendants' financial accounts to be released to plaintiffs as payment towards the monetary judgment awarded by the court.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Volkswagen AG, Audi AG, and Volkswagen Group of America, Inc. ("plaintiffs") and against the following defendants pursuant to Count I alleging trademark infringement and counterfeiting (15 U.S.C. § 1114), Count II alleging false designation of origin (15 U.S.C. § 1125(a)), and Count III alleging trademark dilution (15 U.S.C. § 1125(c)):

| Defendant eBay Internet Store | Defendant PayPal Name | Defendant PayPal Email |
|---|---|---|
| hongyundangtou69 | Shaohuan Ma | mashaohuan5858@126.com |
| jinyumantang5858<br>goodagain20179 | Songcao Guo | songcao525@163.com<br>qianggang8567@sina.com |
| huamanlou25_0 | Xiaoquan Ma | maping4859@126.com |
| sfd67kj_3 | 远 陈 | fzo9025834@yeah.net |
| jessicahh148<br>nancylady | 建安 龙 | 3296849110@qq.com |
| caifuyongcun2017 | Guiqing Ning | ningningyymm@163.com |
| vg78cg_0 | 长梅 穆 | vg78cg@163.com |
| autopartworld2015<br>taotaostore<br>christystore2013 | Sui Sheng Lin | ouyangvincent@hotmail.com |
| hongliyongcun168<br>dashizhipusa | Dongjie Liu | liudongjie25852@163.com<br>liudongjie888@hotmail.com |
| caishenjaido | Zhixiang Xiao | xiaozhixiangx@hotmail.com<br>xiaozhixiang2369@sina.com |
| hyx2015 | 四女 陈 | hyx514342868@hotmail.com |
| shunshunpifa669 | Bing Wu | biingbing852@sina.com |

| zengzhoushide1 | Zengqiang Xie | zengzhoushid@126.com |
|---|---|---|
| vivian_auto | 海威 余 | yjcool008@sina.com<br>yjcool0086@163.com |
| nanwuguanshiyinpusa78 | Rong Xie | xierong8888@outlook.com |
| caiyuangungun9969 | Junlan Li | junlan9638@sina.com |
| caishendaowojia1818<br>hongyundangtouzhao958<br>chongqingjiujiang3<br>dalifujin9 | Xizhi Xie | zhizhi852471@163.com<br>zhixi9632@sina.com<br>xiexizhi8963@sina.com<br>xizhi85859632@sina.com<br>xizhi9874@163.com<br>xizhi88587@sina.com<br>xizhi88660@sina.com |
| nanwuzhuntipusa5151 | Xinghe Lian | lianxihe789@sina.com<br>lianhexinglian@126.com |
| fcxg56d1 | 彩侠 齐 | fcxg56d@sina.com |
| wangbeauty369 | 勇强 王 | beauty369@yahoo.com<br>beauty369@aliyun.com<br>beauty369@yahoo.cn |
| fanchengqusd7 | Bing Zhang | zhangbingzb218@126.com |
| qingyuanhenghe_2 | Huarong Xie | xiehuarong856@163.com |
| yongchangshanghang8690 | Weiguo Zang | zangweiguo8973@163.com<br>zangweiguo8858@sina.com |
| nanwuzhuntipusa6688<br>nanwuzhuntipusa1199 | Haikuo Li | lihaikuo999@hotmail.com<br>lihaikuo5231@sina.com<br>lihaikuo9870@sina.com |
| guanshiyinpusa9898<br>nanwuguanshiyinpusa9898 | Sufen Tang | tangsufen5858@sina.com<br>sufen5236@163.com |
| poem.sms | 梦诗 邵 | cixisms@126.com |
| yehl8048 | 瑜 杨 | 549318970@qq.com |
| fydimn_6 | 光熙 黄 | fangqisuanle@sina.com |

The undersigned recommends that the above defendants be permanently enjoined against making, using, selling, or offering for sale any products that infringe the Volkswagen and Audi trademarks at issue in this litigation. The undersigned further recommends that a judgment in the amount of $2,000,000.00 be entered in favor of plaintiffs and against the above defendants jointly and severally for statutory damages pursuant to 17 U.S.C. § 1117(c)(2) for infringement of Volkswagen's and Audi's trademarks. The undersigned further recommends an award of

post-judgment interest under 28 U.S.C. § 1961(a). The undersigned further recommends that the court order PayPal, Inc. to transfer any monies currently restrained in the above defendants' financial accounts to be released to plaintiffs as partial payment towards the monetary judgment awarded by the court.

## Notice

Plaintiffs are directed to email a copy of this proposed findings of fact and recommendations to the defendants' listed email addresses. By means of the court's electronic filing system and upon confirmation that plaintiffs have emailed a copy of this proposed findings of fact and recommendations to the defendants' listed email addresses, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 13th day of July, 2018.

/s/

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

20